UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN WESLEY PATTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3408** |
| **CITY OF WESTWEGO, ET AL.** | **SECTION: "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, John Wesley Patton, a state prisoner, filed the instant *pro se* complaint in which he essentially alleged that he had been the victim of a vast governmental conspiracy to deprive him of his constitutional rights in various respects in connection with his arrest, prosecution, conviction, and imprisonment on state criminal charges.[1] Suing numerous defendants, he asserted claims pursuant to 42 U.S.C. §§ 1983 and 1985 and 31 U.S.C. §§ 3729-3733.

### I. Dismissed Claims

The United States District Judge has already dismissed a number of those claims in a prior ruling. Specifically, he entered the following orders:

> **IT IS FURTHER ORDERED** that all of plaintiff's claims brought pursuant to 42 U.S.C. § 1985 against all defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.
> **IT IS FURTHER ORDERED** that all of plaintiff's claims brought pursuant to 31 U.S.C. §§ 3729-3733 against all defendants are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

---

[1] Rec. Doc. 1. Regarding those state criminal charges, the Louisiana Fifth Circuit Court of Appeal has explained:

> On November 30, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant with attempted second degree rape, in violation of La. R.S. 14:27 and 14:42.1 (count one); false imprisonment while armed with a dangerous weapon, in violation of La. R.S. 14:46.1 (count two); second degree rape, in violation of La. R.S. 14:42.1 (count three); and sexual battery, in violation of La. R.S. 14:43.1 (count four). Defendant pled not guilty to the charged offenses.
> … Following the resolution of numerous pre-trial motions, the matter proceeded to trial before a twelve-person jury on April 12, 2021. After considering the evidence presented, the jury, on April 21, 2021, unanimously found defendant guilty on all four counts.

State v. Patton, No. 22-KA-112, 2022 WL 17826656, at *1 (La. App. 5th Cir. Dec. 21, 2022).

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Jefferson Parish District Attorney's Office, District Attorney Paul D. Connick, Jr., Assistant District Attorneys Jennifer Rosenbach, Laura Schneidau, and Zachary Popovich, and Victims Assistance Program Coordinator Melanie Villemarette, Rec. Doc. 18, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Louisiana Judiciary Commission, the Louisiana Attorney Disciplinary Board, the Louisiana Office of Disciplinary Counsel, and the "Office of District Judges" of the Louisiana Twenty-Fourth Judicial District Court, Rec. Doc. 20, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to the Eleventh Amendment.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the City of Kenner and Mayor Ben Zahn, Rec. Doc. 22, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Kenner Police Department, Chief Michael Glaser, Lieutenant Michael Cunningham, Detective Bryan S. Weiter, and Officer Joseph Scamardo, Rec. Doc. 23, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by former Westwego Mayor Joe Peoples, the City of Westwego, the Westwego Police Department, Chief of Police Donald J. Munch, Sr., and Officers Christopher Fisher, Cory Boudreaux, Eric Orlando, Randy Mason, Sam Norton, Angel Lopez, Blake Lawson, Owen Valence, and Joshua Brown, Rec. Doc. 36, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by John Courtney Wilson, Rec. Doc. 60, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Wilson are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by Louisiana Twenty-Fourth Judicial District Court Judicial Administrator Renee Hatch Aguilar, Rec. Doc. 71, is **GRANTED**. **IT IS FURTHER ORDERED** that the claims brought pursuant to 42 U.S.C. § 1983 against her in her individual capacity are **DISMISSED WITH PREJUDICE**, the claims brought pursuant to 42 U.S.C. § 1983 against her in her official capacity for monetary damages are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction pursuant to the Eleventh Amendment, and the claims brought pursuant to 42 U.S.C. § 1983 against her in her official capacity for prospective injunctive relief are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the Parish of Jefferson, Rec. Doc. 72, is **GRANTED** and that plaintiff's claims brought

pursuant to 42 U.S.C. § 1983 against that defendant are **DISMISSED WITH PREJUDICE**.

    **IT IS FURTHER ORDERED** that the motion to dismiss filed by Louisiana Twenty Forth Judicial District Defender Richard M. Tompson, Rec. Doc. 86, is **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Tompson are **DISMISSED WITH PREJUDICE**.[2]

## II. Remaining Claims

### A. Claims Against Jon A. Gegenheimer and Cherise Foret

Among the claims still pending are ones asserted against Jon A. Gegenheimer and Cherise Foret pursuant to 42 U.S.C. § 1983.[3] Those defendants have filed a motion to dismiss,[4] which plaintiff has opposed.[5] For the following reasons, the motion should be granted, and the remaining claims against Gegenheimer and Foret should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

---

[2] Rec. Doc. 127; Patton v. City of Westwego, Civ. Action No. 20-3408, 2022 WL 3716500 (E.D. La. Aug. 29, 2022). Plaintiff has appealed that ruling.

[3] Plaintiff also asserted claims against Gegenheimer and Foret pursuant to 42 U.S.C. § 1985 and 31 U.S.C. §§ 3729-3733. However, as already noted *supra*, **all** of plaintiff's claims asserted under those statutes were dismissed in the Court's prior ruling. Accordingly, the only claims against Gegenheimer and Foret which currently remain pending are those brought under 42 U.S.C. § 1983.

[4] Rec. Doc. 102.

[5] Rec. Doc. 122.

[6] The motion also purports to seek dismissal pursuant to Rule 12(b)(1) and 12(b)(5); however, the undersigned declines to recommend dismissal under those provisions for the following reasons.

    A dismissal pursuant to Rule 12(b)(1) is proper "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks omitted). The defendants contend that a Rule 12(b)(1) dismissal is appropriate because they enjoy immunity from suit. They offer no further explanation of that contention, and no explanation is readily discernable.

    In any event, in his opposition, plaintiff counters the defendants' contention by arguing that no immunity is available here because he is seeking only injunctive relief. See Rec. Doc. 122, p. 2-3. Although that was not so clear from his complaint (which he styled as a "Petition for Damages," Rec. Doc. 1, p. 2, and in which he requested that the Court "award any such additional relief as the interests of justice may require," id. at p. 39), the Court will now take him at his word and consider his clarification to be an amendment to the complaint. See Howard v. King, 707 F.2d 215, 220 (5th Circ. 1983) (explaining that when a district court is considering a motion to dismiss in a case filed by a *pro se* plaintiff, the court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed"). And plaintiff is correct that "[n]either absolute nor qualified immunity extends to suits for injunctive or declaratory relief under § 1983." Chrissy F. *ex rel.* Medley v. Mississippi Department of Public Welfare, 925 F.2d 844, 849 (5th Cir. 1991).

    Moreover, to the extent, if any, that the defendants are perhaps arguing that they are entitled to immunity under the Eleventh Amendment for claims against them in their official capacities, that would be incorrect. See, e.g., Pigg v. BPX Energy, Civ. Action No. 21-0159, 2021 WL 3924069, at *2 (W.D. La. Sept. 1, 2021) ("Numerous courts in Louisiana, after examining relevant state law, have concluded that clerks of courts are parish officials, and

3

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. However, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
> … [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

---

consequently, are not entitled to Eleventh Amendment protection as state employees. The Court agrees with this wealth of authority." (citations omitted)); Dupard v. Lopinto, Civ. Action No. 19-1982, 2020 WL 1503619, at *11 (E.D. La. Mar. 30, 2020) ("[B]ecause Gegenheimer, as Clerk of Court for Jefferson Parish, is a parish official as opposed to a state official, he is not entitled to the protection of the Eleventh Amendment."); Ballard v. Hendl, Civ. Action No. 15-00627, 2018 WL 11463726, at *6 (M.D. La. Mar. 30, 2018) ("Because the Clerk of Court is a parish official, as opposed to a state official, she is not entitled to the protection of the Eleventh Amendment."); but see Magee v. Cain, Civ. Action No. 19-13146, 2020 WL 2515979, at *2 (E.D. La. Mar. 4, 2020), adopted, 2020 WL 2513760 (E.D. La. May 15, 2020).

It is also argued in the motion that the claims against Foret are subject to dismissal pursuant to Rule 12(b)(5) because she was never served. However, the undersigned declines to recommend dismissal under Rule 12(b)(5), in light of the fact that plaintiff is a *pro se* litigant. As one court has observed:

> Although a plaintiff's *pro se* status is not a license to ignore the Federal Rules of Civil Procedure, *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process. Consistent with that principle, courts often decline to dismiss a *pro se* plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made.

Johnson-Richardson v. University of Phoenix, 334 F.R.D. 349, 357 (D.D.C. 2020) (citations, quotation marks, and ellipsis omitted); accord Lee v. Deutsche Bank National Trust Co., Civ. Action No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. Mar. 6, 2019) (allowing an additional opportunity to effect proper service in light of "the Fifth Circuit's policy of leniency towards *pro se* plaintiffs").

Accordingly, even if a Rule 12(b)(5) dismissal would be otherwise appropriate, the undersigned would first allow plaintiff an opportunity to correct any service defects before recommending dismissal of his claims pursuant to Rule 12(b)(5). However, that is unnecessary with respect to the pending motion, given that Foret alternatively seeks dismissal of the claims against her under Rule 12(b)(6). Because the arguments regarding that alternative ground for dismissal have merit, it is more expedient simply to recommend dismissal on that ground. See Perez v. Miller, Civ. Action No. 21-0048, 2022 WL 557491, at *4 (E.D. La. Feb. 1, 2022) (noting that an attempt to remedy service "would only delay the inevitable" because, even if proper service were to be effected, the claims would still subject to dismissal on the alternative grounds identified in the motion), adopted, 2022 WL 539287 (E.D. La. Feb. 23, 2022).

In the instant case, plaintiff stated his claims against Gegenheimer and Foret as follows:

> Plaintiff and members of the class have had their constitutional rights violated by corrupt members of the Jefferson Parish criminal justice system, the 24th Judicial District Clerks, and Clerk, who have engaged in both a pattern and a conspiracy to establish a willful pattern of violating plaintiff's and members of the class constitutional rights to fair and impartial trials and due process of law in Jefferson Parish, Louisiana and that plaintiff and members of the class allege that no truth or justice abide in the Jefferson Parish Courthouse. But, that it has become a literal den of corruption and lies. Where Jefferson Parish citizens are framed, or railroaded by the willful acts of the 24th Judicial Clerk who still operate under racist origins of corruption. And continuly in willful blindness and a pattern. Even though the Clerk or Clerks swore to uphold the United States Constitution, rule of law, and the supremacy clause.[7]

Although the foregoing allegations attempt to state conspiracy claims, the defendants argue that the allegations are insufficient because they are entirely speculative and wholly conclusory.[8] The defendants are correct. Clearly, "[f]actual allegations must be enough to raise a right to relief above the speculative level …." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, "[i]t is well settled that mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." Marts v. Hines, 68 F.3d 134, 136 (5th Cir. 1995) (quotation marks omitted); see also Terwilliger v. Reyna, 4 F.4th 270, 285 (5th Cir. 2021) ("To support a conspiracy claim under § 1983, the plaintiff must allege facts that suggest an agreement between the defendants to commit an illegal act and an actual deprivation of constitutional rights. … A conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." (quotation marks and ellipsis omitted)). Because plaintiff's conclusory allegations in the instant case are devoid of any meaningful factual

---

[7] Rec. Doc. 1, p. 31. Although plaintiff referred to claims asserted on behalf of "members of the class," his request to pursue this matter as a class action was denied. See Rec. Doc. 127, p. 1 ("**IT IS ORDERED** that plaintiff's request to prosecute this matter as a class action is **DENIED**."); Patton v. City of Westwego, Civ. Action No. 20-3408, 2022 WL 3716500, at *1 (E.D. La. Aug. 29, 2022).
[8] Rec. Doc. 102-1, pp. 2-3.

enhancement, they fall far short of what is required to state a proper claim. Accordingly, the defendants' motion should be granted, and the remaining claims against them should be dismissed.

## B. Claims Against Purportedly Served Defendants Who Have Not Appeared

The Clerk of Court also identified the following five entities or individuals as defendants in this matter and issued summonses for them: the Jefferson Parish Correctional Center; the Jefferson Parish Sheriff's Office; the Jefferson Parish Sheriff's Office/Internal Management Bureau; the New Orleans Family Justice Center; and Martin Regan. Returns of service have been filed into the record for those five defendants,[9] but they have not appeared by filing answers, motions, or any other type of pleading. The remaining claims against those defendants should nonetheless be dismissed by the Court *sua sponte* for the following reasons.

### 1. Jefferson Parish Correctional Center

To the extent that plaintiff has named the Jefferson Parish Correctional Center as a defendant in this matter, that is clearly improper. "The Jefferson Parish Correctional Center is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); accord Culbertson v. J.P.S.O., Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017); Stamps v. Jefferson Parish Correctional Center, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), adopted, 2012 WL 3027945 (E.D. La. July 24, 2012); Castellanos v. Jefferson Parish Correctional Center, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008). Therefore, pursuant to the Court's statutory screening authority

---

[9] Rec. Docs. 48 (Jefferson Parish Correctional Center), 49 (Jefferson Parish Sheriff's Office, Jefferson Parish Sheriff's Office/Internal Management Bureau, and New Orleans Family Justice Center), and 64 (Martin Regan). While the Court notes that those returns have been filed into the record, it makes no findings as to whether service was effected in a proper manner.

provided in 28 U.S.C. § 1915A,[10] all claims brought pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center should be dismissed with prejudice as frivolous.

## 2.  Jefferson Parish Sheriff's Office and
## Jefferson Parish Sheriff's Office/Internal Management Bureau

Plaintiff also sued the Jefferson Parish Sheriff's Office and one of its component departments, the Internal Management Bureau.[11]  However, that, too, is improper, because "the Jefferson Parish Sheriff's Office is not a legal entity that can be sued."  DeRouen v. Jefferson Parish Sheriff's Office, Civ. Action No. 18-7809, 2021 WL 928027, at *4 (E.D. La. Mar. 11, 2021); accord Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002) ("[A] sheriff's office is not a legal entity capable of being sued ...."); Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013) (same); Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued.").  Therefore, all claims brought pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Sheriff's Office and the Jefferson Parish

---

[10] That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, the statute provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  The statute applies to lawsuits filed by all prisoners, including those, such as plaintiff, who pay the filing fee.  Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998); see also Velasquez v. Dretke, 185 F. App'x 342, 343 (5th Cir. 2006).

[11] Plaintiff presumably means the Jefferson Parish Sheriff's Office's "Internal Management Division," which is the department colloquially referred to as "Internal Affairs."  See https://jpso.com/274/Complaints.

Sheriff's Office/Internal Management Bureau should likewise be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A.

### 3.  New Orleans Family Justice Center

The New Orleans Family Justice Center ("NOFJC") was also named as a defendant in the complaint.[12]  Plaintiff stated his claims against the NOFJC as follows:

> Plaintiff and members of the class have had their constitutional rights violated by members of the New Orleans Family Justice Center, who violate the constitutional rights of certain defendants in criminal trials through corrupt influencing and conspiring to outright frame and railroad innocent men.  Who the New Orleans Family Justice Center perceive to be guilty until proven innocent.
> Members of the New Orleans Family Justice Center have engaged in a very widespread pattern of corruption, illegal influence and methods that would be deemed highly unconstitutional even in Guantanamo Bay, Cuba.  Which seem to be Jefferson Parish and all named defendant's style or theme.  The New Orleans Family Justice Center are engaged in a major scheme to rob and circumvent men's rights to fair and impartial trials in Jefferson Parish through illegal secret meetings with assistant district attorneys judges clerks so on and so fourth.  Those secret meetings violate the Constitution fair play and substantial justice.
> Members of the New Orleans Family Justice Center have actually engaged and conspired to violate plaintiff's and members of the class constitutional rights based on untried facts, inferences, and presumptions.  Prior to plaintiff's and members of the classes right to a fair and impartial trial in front of the citizens of Jefferson Parish, Louisiana.[13]

Because the foregoing statement of plaintiff's claims is once again wholly conclusory and devoid of any meaningful factual enhancement, it fails to comply with even the most rudimentary pleading requirements set forth in the Federal Rules of Civil Procedure.  Regarding those requirements, the United States Supreme Court has held:

---

[12] Plaintiff does not indicate to what extent, if any, the NOFJC is a governmental entity or acts for – or pursuant to the authority of – a governmental entity.  However, the Court notes that the organization's website states:  "New Orleans Family Justice Center is a partnership of agencies dedicated to ending family violence, child abuse, sexual assault, and stalking through prevention and coordinated response by providing comprehensive client-centered, empowerment services in a single location."  See https://www.nofjc.org/who-we-are.

[13] Rec. Doc. 1, p. 34.  Again, the references to claims asserted on behalf of "members of the class" are of no moment because plaintiff's request to pursue this matter as a class action was denied.  See Rec. Doc. 127, p. 1 ("**IT IS ORDERED** that plaintiff's request to prosecute this matter as a class action is **DENIED**."); Patton v. City of Westwego, Civ. Action No. 20-3408, 2022 WL 3716500, at *1 (E.D. La. Aug. 29, 2022).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [Bell Atlantic Corp. v.] Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.

For similar reasons, plaintiff's conclusory assertions do not suffice to state a claim upon which relief can be granted. As already explained *supra*, the law requires that a plaintiff plead sufficient factual allegations to "raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and to state a claim that is "plausible on its face," id. at 570. See also Iqbal, 556 U.S. at 678; In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Here, the gist of plaintiff's claim is that the NOFJC has nefariously conspired with prosecutors, judges, and court staff to wrongfully convict innocent men. But plaintiff's assertion that such a conspiracy existed is entirely conclusory, unsupported by any factual assertions whatsoever. As already explained *supra*, that simply will not do, because conclusory allegations of conspiracy, which again is all plaintiff offers, are insufficient to state a proper claim.

For these reasons, plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against the NOFJC should be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

9

### 4.  Martin Regan

Plaintiff also sued Martin Regan, his former attorney, alleging that he conspired with others "to violate plaintiff's rights to a fair and impartial trial,"[14] "to cover up their misconduct and silence plaintiff,"[15] and "to outright rob and circumvent plaintiff's constitutional rights."[16]  Although a return of service was filed with respect to Regan,[17] he filed no appearance in this action.  Further, it should be noted that although there has been no statement of death filed in this matter with respect to Regan, see Fed. R. Civ. P. 25(a), the Court is aware that Regan died on February 17, 2022, shortly after that purported service.[18]

In any event, it would be futile to substitute another party in Regan's place pursuant to Rule 25 because, once again, plaintiff has failed to state a proper claim.  Plaintiff's conspiracy claim against Regan fails because it, too, is wholly conclusory and devoid of any meaningful factual enhancement as is required for such claims.  Further, to the extent that plaintiff may be attempting to also assert a claim against Regan for ineffective assistance of counsel, such claims are not cognizable under § 1983.  See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); see also Mount v. Wakefield, 738 F. App'x 280 (5th Cir. 2018) (noting that, "[d]espite § 1983's broad language," ineffective assistance of counsel claims "lie within the core of habeas corpus," and, in any event, would be barred in a § 1983 action by Heck v. Humphrey, 512 U.S. 477 (1994)).  Accordingly, plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Regan should simply be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

---

[14] Rec. Doc. 1, p. 35.
[15] Id.
[16] Id. at p. 36.
[17] Rec. Doc. 64.
[18] See https://obits.nola.com/us/obituaries/nola/name/martin-regan-obituary?id=33109256.

**C.  Claims Against Unserved "Defendants"**

The prior Partial Report and Recommendation and this Report and Recommendation have together now addressed all defendants for whom service has been attempted (as well as other defendants who have appeared voluntarily without being served).  However, as noted in the prior Partial Report and Recommendation, plaintiff listed the defendants in his complaint in a largely incomprehensible manner.[19]  The Clerk of Court then interpreted that ambiguous list of defendants as suing only the following nineteen individuals and entities:  (1) the City of Westwego; (2) the City of Kenner; (3) the Parish of Jefferson; (4) the Jefferson Parish Sheriff's Office; (5) the Jefferson Parish District Attorney's Office; (6) the Twenty-Fourth Judicial District Public Defender Office, Parish of Jefferson; (7) the Westwego Police Department; (8) the Kenner Police Department; (9) the Jefferson Parish Correctional Center; (10) the Judiciary Commission of Louisiana; (11) the Louisiana Disciplinary Board, Office of the Disciplinary Counsel; (12) the Jefferson Parish Sheriff's Office Internal Management Bureau; (13) Jon A. Gegenheimer, 24th Judicial District Clerk of Court; (14) the Judicial Administrator, 24th Judicial District; (15) the New Orleans Family Justice Center; (16) John Courtney Wilson, Attorney at Law; (17) Martin E. Regan, Jr., Attorney at Law; (18) Network Strategist, and (19) the Office of District Judges, 24th Judicial District.  Accordingly, the Clerk issued summonses for **only** those nineteen individuals and entities.[20]  Although plaintiff now appears to suggest that he also intended to sue numerous **other** individuals and entities, that is no longer of any consequence because he failed to fulfill his obligations to prosecute his claims against any other intended defendants.

---

[19] See Rec. Doc. 121, pp. 3-9; Patton v. City of Westwego, Civ. Action No. 20-3408, 2022 WL 3754192, at *2-4 (E.D. La. June 27, 2022).
[20] Rec. Doc. 12.  At plaintiff's request, those summonses were later reissued and forwarded to a private process service he hired.  See Rec. Docs. 39, 41, and 42.

11

**Specifically, if the Clerk's interpretation of the defendants was erroneous, it was incumbent on plaintiff to correct that error and to procure and serve a separate summons on every other individual or entity he intended to sue.** Having paid the filing fee,[21] it was clearly **his** responsibility then to serve the summons and complaint upon every defendant. Fed. R. Civ. P. 4(c)(1); see also 1 James Wm. Moore, Moore's Federal Practice – Civil § 4.50[1] (3d ed. 2022) ("Except in the case of a defendant who waives service, the plaintiff must ensure that **each defendant is served with a copy of both the summons and the complaint.**" (emphasis added; citation and footnote omitted)); see also id. § 4.50[3] ("If an action is commenced against more than one defendant, plaintiff must either serve one summons that lists each defendant or serve separate summonses on each defendant, each with one defendant's name. Regardless of which method is used, **each defendant in an action must receive a summons**." (emphasis added)); see also Trombetta v. Novocin, No. 18-CV-993, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020) ("A **separate** summons must be issued for **each** individual defendant. Fed R. Civ. P. 4(b). The plaintiff must serve **each** defendant in a manner consistent with the requirements of Rule 4(e) (if the defendant is an individual within the United States) or Rule 4(h) (if the defendant is a domestic corporation). Fed. R. Civ. P. 4(b-c)." (emphasis added)). Here, despite being aware that only the nineteen foregoing summonses were issued, plaintiff never requested any additional summonses for any other individuals or entities. As a consequence, any claims against any other intended defendants should now be dismissed for the following reasons.

The Federal Rules of Civil Procedure provide:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a

---

[21] Although plaintiff initially requested that he be allowed to proceed in this matter as a pauper, he was barred from being granted pauper status due to his history of frivolous litigation and the fact that his instant claims did not concern an imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, **plaintiff was expressly advised of that requirement, given extensions to effect service, and warned that failure to effect service would result in dismissal**.[22] Nonetheless, to date, he apparently made no attempt whatsoever to serve any individuals or entities other than eighteen of the original nineteen identified by the Clerk of Court.[23]

Because this lawsuit was filed more than two years ago in December of 2020 and because plaintiff's final extension to effect service expired more than nine months ago on March 18, 2022,[24] the claims brought pursuant to 42 U.S.C. § 1983 against any remaining "defendants" should now be dismissed pursuant to Rule 4(m).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by Jon A. Gegenheimer and Cherise Foret, Rec. Doc. 102, be **GRANTED** and that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against those defendants be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against the Jefferson Parish Correctional Center, the Jefferson Parish Sheriff's Office, and the Jefferson Parish Sheriff's Office/Internal Management Bureau be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

---

[22] Rec. Docs. 10, 17, 35, and 41.
[23] As previously explained, returns of service were filed into the record for eighteen of the "defendants" identified by the Clerk of Court, and the claims against those individuals and entities have already been addressed. However, although the Clerk of Court also issued a summons for a nineteenth "defendant," i.e. "Network Strategist," see Rec. Doc. 42, no return of service was filed into the record with respect to that "defendant."
[24] Rec. Docs. 35 and 41.

It is **FURTHER RECOMMENDED** that plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against the New Orleans Family Justice Center and Martin Regan be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

It is **FURTHER RECOMMENDED** that any claims brought pursuant to 42 U.S.C. § 1983 against any other remaining defendants be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __20th__ day of January, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**